UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONN ALBANO and HEATHER MILLER,

                          Plaintiffs,
                                                                **MEMORANDUM AND ORDER**

          - against -                                          19-CV-3048 (RRM) (JO)

"DIGGDEJECTED" (John Doe Reddit Moderator),
REDDIT.COM, REDDIT CORPORATION SERVICE
COMPANY, ALEXIS OHANIAN, JUSTIN BASSETT,
and SAMUEL ALTMAN,

                          Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

        Plaintiffs bring this action against defendants Samuel Altman, Justin Bassett, Alexis

Ohanian, Reddit.com, Reddit Corporation Service Company, and unidentified Reddit.com

moderator DiggDejected alleging, among other things, that defendants conspired to post and

preserve defamatory comments on a Reddit.com forum about plaintiffs' mobile massage

business in order to benefit a competing mobile massage business in which defendants had a

financial interest.  Plaintiffs' motions to proceed *in forma pauperis*, (Doc. Nos. 4, 5), are granted.

For the reasons set forth below, plaintiffs' claims are dismissed.

                                    **BACKGROUND**

        The following facts are drawn from plaintiffs' amended complaint and are assumed to be

true for the purposes of this Order.

        Plaintiffs Don Albano and Heather Miller operate a New York-based mobile massage

company called Mountainside On-Site Massage Therapy ("Mountainside").  (Amended

Complaint ("Am. Compl.") (Doc. No. 5) at 3.)[1]  Among its services, Mountainside provides in-home spa parties for children.  (Am. Compl. at 9.)  Mountainside advertises these parties on its websites njmassage.info and kids-spa-party-nj-njmassage.info.  (*Id.* at 9–10.)

This action arises from comments posted on two Reddit.com forums ("subreddits") – r/Mommit and r/Parenting.  (Am. Compl., Exs. A, B.)  According to plaintiffs, an unidentified user on the r/Parenting subreddit wrote that a company – apparently plaintiffs' company[2] – "give[s] your kids diseases."  (*Id.*, Ex. B.)  Then, after a user on r/Mommit requested information about plaintiffs' company (including a link to kids-spa-party-nj.njmassage.info), defendant DiggDejected replied with a link to the r/Parenting post, writing, "Someone said this company gives kids diseases."  (*Id.*, Ex. A; *see also id.* at 7.)  Plaintiffs acknowledge that DiggDejected was not the author of the original r/Parenting post but contend that DiggDejected's statement, combined with a link to the original post "without qualification," was "certainly [an] affirmation" of the claim.  (*Id.* at 7.)  Plaintiffs also attach to their amended complaint a screenshot of Google results showing that a search for "kids-spa-party-nj.njmassage.info" at one point returned the Reddit discussion on r/Mommit.  (*Id.* at Ex. C; *see also id.* at 3.)

Plaintiffs sought to have the two allegedly defamatory comments removed from Reddit.  On May 30, 2018, Albano mailed a "per se Cease and Desist Notice" to Reddit's Corporate Service Company "as directed by Reddit's website instructions regarding legal matters."  (Am. Compl. at 2.)  Despite their request, plaintiffs maintain, the posts remain on the subreddits.  (*Id.*)  Reddit, plaintiffs contend, was "obligated to remove said illegal content once informed" of its presence on the website.  (*Id.* at 5.)  Furthermore, plaintiffs allege that the posts are now closed, preventing them from responding to the allegedly defamatory statements.  (*Id.* at 3.)  Plaintiffs

---

[1] Page numbers refer to pagination assigned by the Court's Electronic Case Filing system.
[2] The exhibit does not clearly identify the company to which the user on r/Parenting was referring.

maintain that their company has "never had a health code violation" and that the claim that their company "gives kids diseases" is "provably false."  (*Id.* at 7.)

Plaintiffs filed this action on May 20, 2019.  (Complaint (Doc. No. 1).)  On the same day, they filed motions for leave to proceed *in forma pauperis*.  (Doc. Nos. 2, 3.)  Plaintiffs filed an amended complaint on July 30, 2019 – now the operative pleading in this action.  (Am. Compl.)

Plaintiffs allege that defendants used these posts as part of a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*  According to plaintiffs, Bassett, Ohanian, and Altman are each involved in leadership roles at the startup accelerator Y Combinator and have held leadership roles at Reddit. (Am. Compl. at 8.)  Y Combinator at one time funded a company called "UnwindMe," an on-demand mobile massage company.  (*Id.* at 9.)  At the time these posts about plaintiffs' business appeared on Reddit, plaintiffs contend, UnwindMe "was acquired by Soothe, Inc., one of Plaintiffs' major competing companies in the mobile massage therapy market."  (*Id.*)  Based on this timing, plaintiffs write, "it is very likely that it was informally (i.e., not in writing but verbally) agreed by the parties at Reddit that the post be left up, instead of moderated as illegal content," in order to increase the value of UnwindMe during acquisition negotiations.  (*Id.*) Furthermore, the acquisition may have resulted in defendants obtaining an ongoing "financial interest in Soothe," meaning they might have a continued incentive to preserve the posts about plaintiffs' company.  (*Id.* at 9–10.)  To execute this alleged conspiracy, plaintiffs contend that defendants formed "two separate but related enterprises" – the first consisting of DiggDejected, "corporate staff" at Reddit, and Reddit's attorney, and the second consisting of Bassett, Ohanian, and Altman.  (*Id.* at 9.)

In addition to their RICO claim, plaintiffs bring a claim for sex discrimination against defendants, contending that the comments about their woman-owned business "giving diseases" evinced misogyny against Miller based on the "ancient meme of 'women as defiled.'"  (Am. Compl. at 12.)  Plaintiffs also assert claims for harassment, libel, "trade disparagement," "loss of profits," "interference with free trade," and "brand dilution."  (*Id.* at 3, 7.)  Plaintiffs argue that this Court has jurisdiction to hear their claims because they allege violations of federal law.  (*Id.* at 1.)

## STANDARD OF REVIEW

"A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is '(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'"  *Abdul-Rahman v. Coleman*, No. 10-CV-4691 (CBA) (LB), 2010 WL 5490842, at *1 (E.D.N.Y. Dec. 30, 2010) (quoting 28 U.S.C. § 1915(e)(2)(B)).  To state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

The Court holds *pro se* complaints to a less exacting standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008).  The Court reads *pro se* pleadings to "raise the strongest arguments that they suggest."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations

omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus*, 510 F. App'x. 47, 48 (2d Cir. 2013) (summary order) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.").  Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist."  *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).  Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim.  *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997).

Federal courts also "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  The subject-matter jurisdiction of the federal courts is limited.  "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists."  *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citation and internal quotation marks omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I.    RICO Claim

RICO was enacted to "prevent organized crime from infiltrating America's legitimate business organizations."  *Moccio v. Cablevision Sys. Corp.*, 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002).  The statute provides, in relevant part, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affirs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). As the Second Circuit has explained,

> In order to state a claim under civil RICO, a plaintiff "must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce."

*Hinterberger v. Catholic Health Sys., Inc.*, 536 F. App'x 14, 16 (2d Cir. 2013) (summary order) (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 16–17 (2d Cir. 1983)).

Particularly relevant to the instant action is § 1962(c)'s requirement that a plaintiff plead that "the defendant participated or conspired to participate, directly or indirectly, in the conduct of an enterprise through a pattern of racketeering activity." *United States v. Burden*, 600 F.3d 204, 214 (2d Cir. 2010); *see also* 18 U.S.C. § 1962. It is "well established" that defamation cannot serve as a predicate act used to establish a pattern of racketeering activity for a civil RICO claim. *See Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 137 n.8 (E.D.N.Y. 2010) (citing *Kimm v. Lee*, No. 04-CV-5724 (HB), 2005 WL 89386, at *5 (S.D.N.Y. Jan. 13, 2005) (collecting cases and noting that it is "firmly established that defamation and many other similar allegations do not provide the requisite predicate for RICO violations"), *aff'd sub nom.*, *Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14 (2d Cir. 2006)).

Given these limitations, plaintiffs fail to state a civil RICO claim here. Plaintiffs plead as a predicate racketeering act "the publication by [defendants'] enterprise of the defamatory statements" about plaintiffs' business. (Am. Compl. at 8.) Plaintiffs identify no other viable predicate acts under the RICO statute. Because it is "well established" that allegations of defamation cannot serve as a RICO predicate act, *see Conte*, 703 F. Supp. 2d at 137 n.8,

6

plaintiffs have failed to plead a "pattern of racketeering activity," *Burden*, 600 F.3d at 214, and plaintiffs' civil RICO claim is dismissed.

## II.    Plaintiffs' Remaining Causes of Action

Plaintiffs' complaint does not allege facts supporting the existence of any other federal causes of action.  Plaintiffs' sex discrimination claim is premised on the allegation that defendants' decision to keep up the post about their massage business evinced bias against Miller, a woman, in violation of federal civil rights laws.  (Am. Compl. at 11–12.)  As an initial matter, there is no general federal cause of action for sex discrimination.  Plaintiffs do not plead facts supporting the existence of a sex discrimination claim under any particular federal statute, such as Title VII, Title IX, or the Fair Housing Act.  Moreover, plaintiffs' complaint alleges that the preservation of negative comments about their business was rooted in defendants' financial interests – not sex discrimination.  As pled, plaintiffs do not allege facts supporting a federal cause of action for sex discrimination.

Next, plaintiffs' claim for "brand dilution" might be liberally construed as an attempt to plead a trademark dilution claim under federal law.  "Federal law allows the owner of a 'famous mark' to enjoin a person from using 'a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark.'"  *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 110–11 (2d Cir. 2010) (quoting 15 U.S.C. § 1125(c)(1)).  It is unclear whether plaintiffs intended to bring a federal trademark dilution claim, but if they did, the Court would dismiss it for failure to state a claim.  Plaintiffs fail to plead facts to establish that their trademark is "famous," as is required to bring this type of claim.  *See Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368, 380 (S.D.N.Y. 2008) ("[A] trademark owner must still demonstrate that its mark is famous or 'widely recognized by the general consuming public of the United States as a

designation of source of the goods or services of the mark's owner.'" (quoting 15 U.S.C. § 1125(c)(2)(A)).  To the extent plaintiffs intended to bring a federal trademark dilution claim, that claim is dismissed.

Plaintiffs' remaining claims for harassment, libel, "trade disparagement," "loss of profits," and "interference with free trade" are, at best, state law claims.  (*Id.* at 3–4, 7–8.) Plaintiffs' amended complaint thus adequately pleads no federal cause of action.  Plaintiffs assert that this Court has federal question jurisdiction over this action, *see* 28 U.S.C. § 1331, but given plaintiffs' failure to plead a valid federal cause of action, and plaintiffs' failure to plead facts supporting diversity jurisdiction,[3] *see* 28 U.S.C. § 1332, plaintiffs have not, at this time, carried their burden of establishing the Court's subject-matter jurisdiction over this action.

## III.   Leave to Amend

A Court generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend.  *See Cuoco*, 222 F.3d at 112.  Dismissal without leave to amend is only warranted where amendment would be futile.  *Id.*  Although it appears unlikely that plaintiffs can make out a valid federal cause of action, out of an abundance of caution, the Court grants plaintiffs leave to amend within 30 days of the date of this Order.  If plaintiffs fail to file a second amended complaint within 30 days of this Order, or fail to address the deficiencies identified herein, judgment may enter against them.

## CONCLUSION

For the reasons set forth above, plaintiffs fail to state a civil RICO claim, federal claims for sex discrimination or trademark dilution, or any other federal cause of action.  Plaintiffs are

---

[3] Plaintiffs only allegation directly addressing the domiciles of defendants suggests, if anything, that they lack complete diversity with defendants.  They note in their amended complaint that "at least one (or more) of the Defendants . . . has offices in the Eastern District of New York."  (Am. Compl. at 1.)

granted leave to amend their pleading to allege a federal claim.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiffs and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
         January 11, 2021                           *Roslynn R. Mauskopf*

                                          _____
                                          ROSLYNN R. MAUSKOPF
                                          Chief United States District Judge